■ John Rizzo et al., Respondents, v Jordan Manufacturing Corporation et al., Defendants, and Sam Laniado, Individually and Doing Business as Tum-Tum Sportswear, Inc., Appellant. [675 NYS2d 540] —In an action to recover damages for personal injuries, etc., the defendant Sam Laniado appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated May 20, 1997, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff John Rizzo fell on a loading dock allegedly due to a dangerous condition which existed on the dock. The plaintiffs commenced this action alleging that each of the defendants either owned, leased, or controlled the property in question and were responsible for the injuries sustained by the plaintiff John Rizzo. The appellant, an officer of the defendant HJLS Enterprises, Inc., moved for summary judgment dismissing the complaint insofar as asserted against him claiming that he is not individually liable to the plaintiffs because he did not individually own, lease, or control the property in question.

There are questions of fact as to whether the appellant

individually owned, leased, or controlled the property in question. Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.